**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4471**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ADRIAN LAMONTE SHANKLE,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:11-cr-00367-FDW-1)

Submitted: May 26, 2015    Decided: June 5, 2015

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Norman Butler, LAW OFFICE OF NORMAN BUTLER, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Lamonte Shankle pled guilty to 17 counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (counts 1 through 15, 19, and 20), and was found guilty after a jury trial of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (count 16), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (count 17). The district court calculated Shankle's Guidelines range under the U.S. Sentencing Guidelines Manual (2012) at 87 to 108 months' imprisonment and sentenced Shankle to 87 months' imprisonment. On appeal, Shankle challenges the district court's calculation of his Guidelines range, arguing that the court erred in: applying the 2-level enhancement under USSG § 2D1.1(b)(1) for possession of a firearm; applying the 2-level enhancement under USSG § 2K2.1(b)(4)(A) for a stolen firearm; applying the 4-level enhancement under USSG § 2K2.1(b)(6)(B) for possession of a firearm in connection with the distribution of cocaine base; and failing to apply a 2-level reduction under USSG § 3E1.1(a) for acceptance of responsibility.[*] We affirm.

_____

[*] Shankle has filed a motion for leave to file a pro se supplemental brief, along with that brief. Because Shankle is represented by counsel who has filed a merits brief, Shankle is not entitled to file a pro se supplemental brief, and we therefore deny his motion. See United States v. Penniegraft, (Continued)

Section 2D1.1(b)(1) of the Guidelines directs a district court to increase a defendant's offense level by 2 levels "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), even "in the absence of proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011) (internal quotation marks omitted). To prove that a weapon was present, the Government "need show only that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). The defendant bears the burden of showing that a connection between his possession of a firearm and his narcotics offense is

---

641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because defendant was represented by counsel).

"clearly improbable."  Slade, 631 F.3d at 189 (internal quotation marks omitted).

We conclude after review of the record and the parties' briefs that Shankle has not met this burden.  The district court's application of the 2-level enhancement under USSG § 2D1.1(b)(1) is supported by testimony adduced at trial and reflected in the revised presentence report that Shankle sold a loaded 9-millimeter firearm and a quantity of cocaine base to an undercover officer during the same transaction.  At sentencing, Shankle did not point to any evidence suggesting that the connection between the firearm and his drug distribution was "clearly improbable," and this failing continues on appeal.  We also reject as meritless Shankle's argument that the district court erred in applying the enhancement based on its consideration of acquitted conduct. A district court is free at sentencing to consider acquitted conduct in calculating a defendant's Guidelines range. United States v. Lawing, 703 F.3d 229, 241 (4th Cir. 2012). Shankle thus fails to establish that the district court clearly erred in applying the 2-level enhancement under USSG § 2D1.1(b)(1).  See McAllister, 272 F.3d at 234 (stating standard of review).

Turning to Shankle's challenge to the district court's refusal to apply a 2-level reduction under USSG § 3E1.1(a) for

4

acceptance of responsibility, such a reduction to a defendant's offense level is warranted if he "clearly demonstrates" acceptance of responsibility for his offenses. USSG § 3E1.1(a). To receive a reduction under USSG § 3E1.1, the defendant "must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted). In determining whether the adjustment is warranted, the district court may consider whether the defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under [USSG] § 1B1.3." USSG § 3E1.1 cmt. n.1(A).

We conclude after review of the record and the parties' briefs that the district court did not clearly err in denying Shankle a 2-level reduction under USSG § 3E1.1(a) for acceptance of responsibility. See May, 359 F.3d at 688 (stating standard of review). Shankle did not admit guilt of or responsibility for the criminal conduct comprising counts 16 and 17. We further reject as meritless Shankle's claim that the district court never considered application note 2 to USSG § 3E1.1 and never considered his admission to the probation officer of

participation in and acceptance of responsibility for the 17 counts of drug distribution to which he pled guilty.

Finally, with respect to Shankle's challenges to the district court's application of the 2-level enhancement under USSG § 2K2.1(b)(4)(A) for a stolen firearm and the 4-level enhancement under USSG § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense, we need not resolve whether the court erred in applying the enhancements. Assuming without deciding that application of these enhancements was error, such error was harmless. See United States v. McManus, 734 F.3d 315, 318 (4th Cir. 2013) ("[S]entencing error is subject to harmlessness review. Sentencing error is harmless if the resulting sentence is not longer than that to which the defendant would otherwise be subject." (internal quotation marks and alterations omitted)). A review of the record shows that application of these enhancements did not affect the Guidelines range or Shankle's sentence.

The district court applied the enhancements to count 17, yielding an adjusted offense level for that count of 20. The court, however, did not rely on this offense level in calculating Shankle's Guidelines range. Rather, the court relied on the adjusted offense level of 28 calculated for the group encompassing counts of distribution of cocaine base — the greatest of the adjusted offense levels. This offense level and

Shankle's Category II criminal history result in a Guidelines range of 87 to 108 months' imprisonment, and Shankle received a prison term at the bottom of that range. Without the enhancements under USSG §§ 2K2.1(b)(4)(A), (6)(B), Shankle's offense level would remain the same as that calculated by the district court. Accordingly, any error in applying the enhancements was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED